**SO ORDERED.**

**SIGNED this 21 day of July, 2005.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court

Western District of Texas
San Antonio Division

| | |
|---|---|
| IN RE<br><br>BELINDA SANCHEZ<br><br>*DEBTOR* | BANKR. CASE NO.<br><br>04-55380-C<br><br>CHAPTER 13 |

**DECISION AND ORDER ON MOTION FOR RECONSIDERATION**

CAME ON for consideration the foregoing matter. Green Tree Servicing, LLC seeks to have the court reconsider its rulings on the debtor's objection to its proof of claim (as last amended), on the debtor's motion to modify plan, and on the debtor's request for release of lien.

Motions to reconsider may be filed under Federal Rules of Civil Procedure 59(e) or 60(b). *In re Aguilar*, 861 F.2d 873, 874 (5th Cir. 1988). The movant here suggests that its motion is brought under both Rules. At the outset, the court notes that no orders have yet been entered with respect to the above matters. A hearing was held on the matters on July 7, 2005. The court ruled from the bench, and directed counsel for the debtor to prepare forms of order consistent with those rulings. The court is currently awaiting submission of those orders. Thus, technically, there are no "orders" to reconsider. However, as

no orders have yet been entered, the pleading may be construed to be one seeking new trial under Rule 59. Such motions can be filed prior to the entry of judgment, or within ten days after the entry of judgment. *See* 11 C. WRIGHT, A. MILLER & M. KANE, FED. PRACT. & PROC. 2nd § 2812, at pp. 140-41 (West 1995). The pleading will thus be construed as one seeking relief under Rule 59. *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003).

Rule 59 "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances [and] unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original; internal citations and quotations omitted). As Judge Posner puts it, a "motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him." *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (internal quotations omitted). The court has "considerable discretion in deciding . . . Rule 59(e) [motions]." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Green Tree did not appear at the hearing on July 7, 2005. A review of the docket confirms that Green Tree was properly notified through its counsel of record, that copies of both the original objection to claim and the amended objection to claim were served on Green Tree via service on counsel, and that the Bankruptcy Noticing Center gave notice to, *inter alia*, Green Tree, of the hearing setting. The court further takes judicial notice of the practice and procedures now in place with respect to electronic

-2-

case filers, which provide that notice of filing of *all* pleadings in *all* cases in which an electronic filer is a party or lawyer is accomplished via email notification. Once that email notice is received, counsel is expected to log on to the electronic case filing system, locate the pleading as filed in its electronic format, and download it (if necessary). Those procedures (which are uniform for all four federal districts in the state of Texas) actually *excuse* a party from having to serve a pleading on e-filers by any other means, though the record in this case includes certificates of service by counsel for the debtor in which she certifies mailing *in addition to* the electronic mail notification sent out by the clerk of court.

The record is thus sufficiently clear that notice of filing of both the original objection to claim and the amended objection to claim was afforded to Green Tree through its counsel of record. Counsel for Green Tree does not challenge whether notice was *given* (which is all that constitutional and statutory due process require). Counsel only maintains that "for reasons unknown, notice of said Amended Objection [to Green Tree's claim] was not *received* by Green Tree or its counsel until after the hearing on July 7, 2005." Motion, at ¶ 5. That is an insufficient basis to challenge notice.

In addition, Green Tree acknowledges having received notification of the filing of the Transcript of Hearing in this case, confirming that counsel is in fact receiving electronic notifications of filings in this case. It is unlikely that Green Tree and its counsel did not receive notice of the filing of the Amended Objection to Green Tree's claim – and especially unlikely that the "missing notice" from the clerk of court "showed up" more than a month after debtor's pleading was filed on June 3, 2005. Thus, even if receipt of notice were dispositive, Green Tree has been unhelpful in explaining *how* its lack of receipt occurred. The burden was on Green Tree to determine what happened to its electronic mail notification. "For reasons unknown" simply does not afford Green Tree equitable grounds for relief.

-3-

Green Tree's basis for not appearing is thin in any event. The Amended Objection to Claim did not substantially alter the essential grounds for the debtor's challenging Green Tree's claim in its original objection to claim. In the original objection, the debtor also maintained that it owed no interest, that the debt had been paid in full by May 2003, and that Green Tree should be required to release its lien. The additions made in the amended objection beefed up the debtor's grounds for believing she was right, but did not change the essential contention – that the debtor owed Green Tree no money.

Green Tree's only reason for concluding that it did not have to attend the July 7, 2005 hearing on that objection is laid out thusly in its motion:

> Green Tree filed a Response to the [debtor's] objection [to its claim] on May 27, 2005. On that same date, Green Tree filed an Amended Proof of Claim, and attached [various documents]. Upon filing such, counsel for Green Tree, Angela Randermann, contacted counsel for Debtor and left a voicemail message requesting a return call if there were any questions. *As no return call was received any time prior to the hearing date* of July 7, 2005, counsel for Green Tree *believed* the amended proof of claim resolved the Debtor's objection.

Motion, at ¶ 4. Nowhere in federal practice or procedure is it provided that a lawyer may safely assume that an unanswered voice mail message is the equivalent of an agreed order resolving a contested matter. Incredibly, however, that is precisely the assumption made by counsel here, and basis on which counsel expects relief from this court. What is more, the voice mail in question, as self-described by counsel, only required a response if debtor's counsel "had any questions." The pleading was filed on the Friday before the Memorial Day weekend, and this pleading does not say at what time the voice mail message was left. In all events, prudent counsel who knew of a pending hearing on an objection to claim which threatened to disallow her client's claim in its entirety was *not* justified in relying on "not hearing anything" back on her voice mail message. Sometime within the following 30 days or so, prudent counsel would *at least* have

-4-

tried calling a few more times to confirm her understanding. Had she done so, she would have known that there was an amended pleading on file for sure. Prudent counsel would also have insisted on either a form of order on the objection to claim, or a pleading withdrawing the objection, or *some* sort of confirmation about an "agreed announcement" on the record by debtor's counsel. Counsel in this case was far from prudent.

In short, then, there is no legal or equitable reason for the court to rescue either Green Tree or its counsel from their lack of attention to this matter, or their imprudent assumptions. No one has played fast and loose with Green Tree. At all times, Green Tree knew or should have known that the debtor took the position that she owed no money on this claim. Green Tree and its counsel had the duty to take the dispute seriously, and to make sure that it was resolved with certainty. It is not the job of the court to take care of Green Tree's interests when it already has counsel who are already charged with that duty – and who get paid to do it. Nor is it the job of the court to rescue counsel who put themselves out on a limb and hand opposing counsel a saw – the effective equivalent of what happened here.

Green Tree claims that, in all events, they would have won on the merits if only the court would look again at the evidence. As Judge Posner in *Matter of Reese* reminds us, however, Green Tree had their chance to put on their best case. It is not appropriate to entertain only now, after the court has ruled, Green Tree's arguments for why it would have won if only it had attended the hearing. The court declines Green Tree's invitation to do so.

Green Tree's suggestion that it can lose its lien only via an adversary proceeding betrays a lack of understanding of the workings of section 506(d) of the Bankruptcy Code. At the hearing on the objection to claim, the court ruled that Green Tree had no claim against the estate because it had already been paid

-5-

all that it was owed prior to the filing of the case. The debtor's pleadings also sought an order compelling a release of lien as well, but the court ruled on the record at hearing that Green Tree's lien was already gone by operation of law thanks to the operation of section 506(d). *See* Transcript of Hearing [#58], at pp. 43-44. The statutory language is as follows: "To the extent that a lien secures a claim against the debtor *that is not an allowed secured claim*, such lien *is void* ..." 11 U.S.C. § 506(d) (emphasis added). Section 506(a) in turn explains that an "allowed secured claim" is an "allowed claim" of a creditor secured by a lien. An allowed claim, in turn, is one which must pass muster under section 502(b)(1), which says that a claim may not be allowed if it is "unenforceable against the debtor and property of the debtor." 11 U.S.C. § 502(b)(1). A claim which, under state law, has been paid in full, can no longer be enforced against either the obligor or the property of the obligor. Such a claim cannot be an allowed claim, and so cannot be an allowed secured claim. *See Farmers Cooperative Ass'n*, 323 B.R. 494 (Bankr. D.Kan. 2005). Once that finding has been made, then Green Tree's lien is no longer valid, by operation of law. No adversary proceeding need be initiated, because the invalidity is self-effectuating, by operation of law.

For all of the foregoing reasons, the court orders that the motion to reconsider be and the same is hereby, in all things, denied.

# # #